[933 NYS2d 399]

In the Matter of JOHN F. O'REILLY, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 29, 2011

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Gloria J. Anderson* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order to show cause dated August 11, 2010, the Grievance Committee for the Ninth Judicial District (hereinafter the

Grievance Committee) moved to (1) suspend the respondent from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i), upon a finding that he was guilty of professional misconduct immediately threatening the public interest in that he had failed to cooperate with the lawful demands of the Grievance Committee, including failing to appear in response to a duly served, so-ordered judicial subpoena; (2) authorize it to institute and prosecute a disciplinary proceeding against the respondent based on a petition dated August 9, 2010; (3) direct the respondent to submit an answer within 20 days; and (4) direct that a hearing be held before a special referee. The annexed petition dated August 9, 2010, contained two charges of professional misconduct against the respondent predicated upon his failure to cooperate with the lawful demands of the Grievance Committee.

By decision and order on motion of this Court dated October 19, 2010, the Grievance Committee's motion was held in abeyance pending the Court's receipt, on or after January 19, 2011, of a progress report from the Lawyers Helping Lawyers Committee of the Queens County Bar Association, with leave to the Grievance Committee to submit a supplemental affirmation or withdraw its motion, following submission of the report. The respondent was personally served with this Court's decision and order on motion dated October 19, 2010, at the offices of the Grievance Committee.

In a letter dated January 6, 2011, the Chairman of the Lawyers Assistance Committee of the Queens County Bar Association, Robert C. Carlsen, wrote to this Court regarding "[his] efforts to monitor the subject Attorney . . . in accordance with the direction of the Court." Mr. Carlsen reported that said efforts had proved unsuccessful despite "reasonable and positive efforts to monitor the situation." Ultimately, "lack of cooperation on [the respondent's] part" prevented Mr. Carlsen from proceeding. Mr. Carlsen duly notified the respondent of same with a copy of his letter to this Court.

In a supplemental affirmation dated January 19, 2011, the Grievance Committee renewed its motion. By decision and order on motion of this Court dated March 31, 2011, this Court granted the Grievance Committee's renewed motion; ordered that the respondent was immediately suspended from the practice of law in the State of New York, pending further order of the Court, pursuant to 22 NYCRR 691.4 (l) (1) (i); authorized the Grievance Committee to institute and prosecute a disciplinary proceeding based on the petition dated August 9, 2010;

ordered that the respondent serve an answer upon the Grievance Committee and the Special Referee, and file the original answer with the Court within 20 days after service upon him of a copy of the order; and ordered that the issues raised by the petition dated August 9, 2010, and any answer thereto, be referred to John M. Perone, a retired Justice of the Supreme Court, Westchester County, as Special Referee to hear and report, together with his findings on the issues, and to submit a report within 60 days after the conclusion of the hearing or the submission of posthearing memoranda.

The Grievance Committee's attempts to serve the respondent personally with the decision and order on motion dated March 31, 2011, were unsuccessful. Consequently, on April 15, 2011, a copy of the decision and order on motion was securely taped to the door of the respondent's office, and copies were simultaneously mailed to said address, as well as to the respondent's home address. Although the respondent's answer to the petition dated August 9, 2010, was required to be served and filed no later than May 5, 2011, the respondent neither answered the petition nor requested an extension of time to do so.

The Grievance Committee now moves to impose discipline against the respondent upon his default in that he has failed to submit an answer to the petition dated August 9, 2010. No response to the Grievance Committee's motion has been received from the respondent to date, and the respondent has not requested an extension of time to respond.

Under the circumstances of this case, including the respondent's failure to cooperate with the Grievance Committee in the first instance, the Grievance Committee's motion is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred on default, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and AUSTIN, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, John F. O'Reilly, is disbarred on default, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, John F. O'Reilly, shall continue to comply with this Court's rules governing the conduct of

disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, the respondent, John F. O'Reilly, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal, agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John F. O'Reilly, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).